# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:18-cv-00280 |
| | ) |
| | ) JUDGE CAMPBELL |
| HERBERT SLATTERY III, | ) MAGISTRATE JUDGE |
| | ) NEWBERN |
| Defendant. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 18), recommending that the Court grant Defendant's Motion to Dismiss (Doc. No. 7). The *pro se* plaintiff filed objections (Doc. No. 19), Defendant responded to Plaintiff's objections (Doc. No. 20) and Plaintiff filed a Response to Defendant's Response (Doc. No. 21). The Magistrate Judge recommends the Complaint be dismissed for lack of subject matter jurisdiction. After a *de novo* review, and for the following reasons, Plaintiff's objections are OVERRULED and the Report and Recommendation is ADOPTED.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Plaintiff raises two objections to the Report and Recommendation of the magistrate judge. First Plaintiff argues that the Court incorrectly construed the Complaint as an action for back wages because "the Civil Action does not allege the Defendant, Herbert Slattery III, State of Tennessee Attorney General and Reporter, owes the Plaintiff wages." (*Id*. at 5.) Plaintiff argues that the complaint challenges the Tennessee Attorney General's legal opinion that 5 U.S.C. § 6103 "does not address compensation for a substituted holiday" and because the Attorney General's opinion "affects U.S.C. § 541.602" his claim is "arising under" federal law. (Doc. No. 19 at 2-3.)

The magistrate judge determined that Plaintiff's claim was one for back wages and that the complaint alleged "Defend[a]nt owes Plaintiff wages for working Columbus Day, October 22, 2015." (Doc. No. 18 at 1.) A review of the Complaint (Doc. No. 1) shows the magistrate judge's determination is correct. The Complaint clearly states: "Statement of Claim: Appeal from State of Tennessee Court of Appeals … Defendant owes Plaintiff wages earned for working Columbus Day, October 22, 2015." (*Id*.) Therefore, the magistrate judge correctly determined that the claim was one for wages owed.

As basis for jurisdiction, the Complaint cites 5 U.S.C. § 6103. (*Id*.) The magistrate judge correctly ruled that Section 6103 does not grant jurisdiction to the federal court to hear claims of state employees to which the statute clearly does not apply. Section 6103 provides that various days, including Columbus Day, are "legal public holiday[s] … for federal employees." Plaintiff has not shown that Section 6103 applied to his employment with the State of Tennessee. *See*

*Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018) (party asserting jurisdiction has the burden of establishing that subject-matter jurisdiction exists).

Plaintiff's second objection to the Report and Recommendation is that the magistrate judge improperly considered the Reply in Further Support of the Motion to Dismiss (Doc. No. 13), because the reply was not properly served upon Plaintiff. (Doc. No. 19 at 4.) The certificate of service included with the reply indicates that the reply was electronically filed with the court, emailed to Plaintiff, and mailed to Plaintiff's address of record. Plaintiff claims that service was invalid because he did not consent to electronic service and he did not receive the copy of the reply sent by mail to his address of record. (Doc. No. 4.)

Federal Rule of Civil Procedure 5(b)(2)(C) provides that a paper is served "by mailing it to the person's last known address—in which event service is complete upon mailing." The fact the Defendant also emailed a copy to Plaintiff and electronically filed the document with the Court, does not render service by mail improper or ineffective. Accordingly, Plaintiff's argument that service was not completed is without merit.

### III.  CONCLUSION

The Court has reviewed the Report and Recommendation and concludes that it should be adopted and approved. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE